1
2
3
4
5
6
7

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| CARIN RIDDELL, | EDCV 11-00968 TJH |
| Plaintiff, | |
| v. | |
| AURORA LOAN SERVICES LLC, *et al.*, | Order [7] |
| Defendants. | |

The Court has considered the motion of Aurora Loan Services LLC ("Aurora") to dismiss, together with the moving and opposing papers.

Riddell alleges that she was defrauded by Aurora, a subsidiary of Lehman Brothers at the time, when she refinanced her mortgage loan on October 9, 2006. However, Riddell's allegations regarding the identity of her mortgage originator and servicer do not match up with the documents presented to the Court by Aurora. The documents show that the loan was originated by Flexpoint Funding Corporation ("Flexpoint") and then serviced by Aurora. However, because this is a motion to

dismiss, the Court must accept the facts alleged in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).

On May 11, 2011, Riddell filed this action, *in pro per*, against Aurora in the Riverside Superior Court.  In her complaint, Riddell asserts claims for: (1) Fraud; (2) Quiet title; (3) Rescission and Restitution; (4) Declaratory Relief; (5) Injunctive Relief; (6) Violation of the Home Ownership and Equity Protection Act, 15 USC § 1639 ("HOEPA"); and (7) Financial abuse of a dependant adult.  On June 17, 2011, Aurora removed based on diversity and federal subject matter jurisdiction.  On June 20, 2011, the Superior Court issued a preliminary injunction forbidding foreclosure, provided that Riddell makes monthly mortgage payments to a blocked bank account. However, Superior Court  lacked jurisdiction to issue the injunction after the case had been removed.  *See Sugimoto v. Exportadora de Sal, S.A. de C.V.*, 223 Cal. App. 3d 165, 168, 284 Cal. Rptr. 275, 277 (1991).   Therefore, there is no injunction to prevent Aurora from foreclosing on Riddell's house.

Aurora now moves to dismiss Riddell's complaint.

**Discussion**

To sufficiently allege a claim, Riddell must allege sufficient facts to raise a right to relief above the speculative level.  *See Bell Atlantic. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . .  claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081, 1085 (2007).  In deciding a Fed. R. Civ. P.  12(b)(6) motion, the Court must, under *Leatherman,* accept all factual allegations in the complaint as true, and must construe all reasonable inferences in the light most favorable to Riddell.  *See Broam v. Bogan*, 320 F.3d

1023, 1028 (9th Cir. 2003).    Finally, a *pro se* plaintiff's complaint must be construed liberally. *Erickson*, 551 U.S. at 94, 127 S. Ct. at 2200, 167 L. Ed. 2d at 1086.

**Judicial Notice of Loan Documents**

Aurora argues that Riddell cannot bring a fraud claim against it because Flexpoint, and not Aurora, was the originator of the loan.  In support of this, Aurora asks the Court to take judicial notice of several documents, including the loan application.  In general, when considering a Rule 12(b)(6) motion, the Court cannot consider documents not attached to the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).  However, the Court may consider judicially noticed facts. *Mullis v. United State Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).  A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.  The loan application and other documents supplied by Aurora are not generally known facts.  Further, while Aurora claims that several of these documents are public records, there is no independent verification of their veracity.   Therefore, the documents cannot be  judicially noticed.

Alternatively, documents can be introduced in support of a motion to dismiss if they have been incorporated by reference in the complaint and no party questions their authenticity. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  However, since Riddell has objected to the authenticity of Aurora's documents, they have not been incorporated by reference.

Thus, the Court cannot consider the loan and other documents at this time.

\ \ \

**Fraud**

Riddell's fraud claim is barred by the three year statute of limitations.  *See* Cal. Code Civ. Proc. § 338.  Riddell, allegedly, signed the loan documents on October 9, 2006, and this action was filed more than four years later on May 18, 2011.  Even if the statute of limitations did not begin running until July, 2007, when Riddell allegedly received the homeowner's insurance bill and was allegedly told by the loan representative that the loan's terms were different than the terms Riddell thought she received, this claim would still be barred.  *See Naton v. Bank of California*, 649 F.2d 691, 696 (9th Cir. 1981).

**HOEPA**

Riddell has asserted a claim based on Aurora's alleged violation of the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639.  However, the statute of limitations for a claim seeking damages under HOEPA is one year,15 U.S.C. § 1640(4), and three years for a claim seek rescission under HOEPA, 15 U.S.C. § 1635(f). Thus, Riddell's HOEPA claim is barred.

**Dependant Adult Abuse**

Riddell's claim for dependant adult abuse is sufficiently pled and not barred by the statute of limitations.  The statute of limitations for dependant adult abuse is four years.  Cal. Welf. & Inst. Code § 15657.7.  Provided the statute of limitations was tolled until July, 2007, because of equitable estoppel based on the loan representative's misrepresentations and/or Riddell's disability, this claim was timely filed on May 18, 2011.  A final determination regarding tolling must be made at summary judgment or trial.

California law provides, "Where it is proven by a preponderance of the evidence that a defendant is liable for financial abuse [of a dependant adult], as defined in § 15610.30, in addition to compensatory damages and all other remedies

otherwise provided by law, the court shall award to the plaintiff reasonable attorney's fees and costs." Cal. Welf. & Inst. Code § 15657.5. Section 15610.30(a) of the Cal. Welf. & Inst. Code provides:

> (a) "Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following:
>
> (1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

A dependant adult is "any person between the ages of 18 and 64 years who resides in this state and who has physical or mental limitations that restrict his or her ability to carry out normal activities or to protect his or her rights, including, but not limited to, persons who have physical or developmental disabilities, or whose physical or mental abilities have diminished because of age." Cal. Welf. & Inst. Code § 15610.23.

Riddell has sufficiently pled her status as a dependant adult by alleging that she is totally disabled from Crohn's disease. Even though the statute of limitation has been exceeded in regard to Riddell's fraud claim, Riddell has otherwise sufficiently pled fraud by alleging verbal misrepresentations made to her at the time she signed her loan by Steve Olague, Aurora's alleged agent, to get her to sign it. Fraud constitutes financial abuse under Cal. Welf. & Inst. Code § 15610.30. Therefore, Riddell has sufficiently pled, under the lenient *Erickson* standard, a claim under Cal. Welf. & Inst. Code § 15657.5.

Further, the statute of limitations for dependant adult abuse is four years. Cal. Welf. & Inst. Code § 15657.7. Provided the statute of limitations is tolled until July, 2007 because of equitable estoppel, this claim was viable until July, 2011, after the time of filing, May 18, 2011. Therefore, the dependant adult abuse claim is not

1    barred by the statute of limitations.   A final determination of equitable tolling must

2    be made by summary judgment or trial.

3        Aurora argues that California's dependant adult abuse laws are preempted by

4    federal law, namely the Home Owner's Loan Act("HOLA"), 12 U.S.C. §§ 1461,

5    *et seq.,* and the Office of Thrift Supervision's regulation applying HOLA, 12 C.F.R.

6    § 560.2.  However, since the dependant adult abuse laws do not attempt to regulate

7    banks or lending, they are not preempted.  *See In re: Ocwen Loan Servicing, LLC*

8    *Mortgage Servicing Litigation*, 491 F.3d 638 (7th Cir. 2007).

9        HOLA provides for a comprehensive scheme of federal regulation regarding

10   the origination and servicing of mortgages, and § 560.2 states that HOLA preempts

11   state laws regarding the same matters.  The Ninth Circuit has held that § 560.2 has

12   just as preemptive an effective as HOLA itself, despite being a mere federal

13   regulation because "federal regulations have no less presumptive effect than federal

14   statutes." *Silvas v. E*Trade Mortgage Corporation*, 514 F.3d 1001, 1005 (9th Cir.

15   2008) (*quoting Fidelity Federal Savings and Loan Ass'n v. de la Cuesta*, 458 U.S.

16   141, 153, 102 S. Ct. 3014, 3022, 73 L. Ed. 2d 664, 675 (1982)).

17       Section 560.2(b) gives illustrative examples of the types of subject matter in

18   which state laws will be preempted by HOLA and § 560.2: laws regarding licensing,

19   registration, filings or reports by creditors, loan-to-value ratios, loan-related fees,

20   escrow accounts, *etc*.  Section 560.2(c) gives illustrative examples of the types of

21   subject matter in which state laws will be not be preempted by HOLA and § 560.2:

22   contract and commercial law, real property law, tort law, and criminal law.

23   Ordinarily, this should suggest that California's elder abuse laws would not be

24   preempted because it is a tort claim and not a regulatory statute relating to mortgages

25   in particular.  However, Aurora points to *Andrade v. Wachovia Mortgage, FSB*,

26   2009 WL 1111182 (S.D. Cal. 2009)(Miller, J.)*,* to argue that HOLA and § 560.2

1   should preempt the elder abuse claim.

2        In *Andrade*, the Court, citing *Silvas v. E\*Trade Corp.*, held that a plaintiff's

3   state law claims for tort, contract and real property laws were preempted if their

4   enforcement would affect any areas listed in § 560.2(b).  *Andrade*, 2009 WL

5   1111182 at 2, *citing Silvas*, 514 F.3d at 1006.  *Andrade,* also, held that state law

6   claims are preempted under § 560.2(c) if they would have a more than incidental

7   effect on the lending operations of a federal savings association. *Andrade*, 2009 WL

8   1111182 at 2.   Together, the holdings in *Andrade* suggest that the scope of

9   preemption is so broad as to preclude nearly all state law claims; any action by a

10   bank that is in any way regulated by HOLA and § 560.2 would be immune to all

11   traditional state law claims.  Other district court cases have followed this reasoning,

12   including *Cordon v. Wachovia Mortgage,* 776 F. Supp. 2d 1029 (N.D. Cal. 2011),

13   which held that a fraud claim arising from a mortgage origination was preempted by

14   HOLA and § 560.2(b) because the purported fraud arose from the origination of the

15   loan, which was an aspect of the bank's activities that was regulated by HOLA.

16        The Ninth Circuit has not yet addressed the preemptive scope of §§ 560.2(a),

17   (b) and (c).  Some district courts, like *Andrade* and *Cordon*, have held that HOLA

18   preempts nearly all state law claims by mortgagors against their banks because the

19   goal of HOLA and § 560.2 was a uniform system of regulation, and state law claims

20   against banks would be a competing system of regulation.  In contrast to the District

21   Courts, the Seventh Circuit has held that to determine whether a state law claim is

22   preempted under § 560.2(b), or not preempted under § 560.2(c), courts must

23   determine whether the claim falls on "the regulatory side of the ledger . . . or on the

24   common law side" because HOLA's assertions of "plenary regulatory authority does

25   not deprive persons harmed by the wrongful acts of savings and loan associations of

26   their basic common-law type remedies." *In re: Ocwen Loan Servicing, LLC*

1    *Mortgage Servicing Litigation*, 491 F.3d 638, 643-44 (7th Cir. 2007).

2       In *Ocwen*, the Seventh Circuit examined a variety of consolidated state law

3 claims, including California state law claims, to determine if they were preempted

4 by HOLA. *Ocwen*, 491 F.3d at 641. The Circuit agreed that the goal of HOLA and

5 § 560.2 was to provide a uniform system of regulation, rather than to innoculate

6 banks from common law claims, as *Andrade* held, because the Office of Thrift

7 Supervision has no power to adjudicate disputes between a bank and its customers.

8 *Ocwen*, 491 F.3d at 643-44. Therefore, common law claims such as fraud and

9 breach of contract, and state law claims that were similar to such claims, would not

10 be preempted, while state law claims that attempted to supersede the central

11 regulatory power of HOLA would be preempted. *Ocwen*, 491 F.3d at 643-44.

12       The Seventh Circuit held that one California statute that permitted a claim

13 against a bank for charging excessive late fees, requiring excessive insurance, and

14 failing to provide adequate monthly statements, would be preempted because the

15 statute did not have an analogous common law claim such as fraud or breach of

16 contract and clearly attempted to interfere with federal regulation of such matters.

17 *Ocwen*, 491 F.3d at 646. In contrast, a claim based on a California statute that

18 charged the defendant with falsely representing to the plaintiff that he or she had

19 incurred fees, whiuch was analogous to traditional common law fraud, would not be

20 preempted. *Ocwen*, 491 F.3d at 647.

21       In the present case, Riddell has pled a claim for dependent adult abuse. The

22 California law forbids the financial abuse of dependent adults. It is a clear example

23 of what *Ocwen* would characterize as analogous to a traditional common law tort,

24 fraud. It does not attempt to regulate banks or lending or interfere with HOLA's

25 regulatory authority. Therefore, under *Ocwen's* reasoning it is not preempted.

26       Because the Ninth Circuit has not established whether *Ocwen* or *Andrade* is

correct in determining the extent of HOLA's preemption of state law claims, this Court cho which line of reasoning is more persuasive.  *Ocwen* is more consistent with § 560.2 in that it provides for some state law claims to still be brought against banks under § 560.2(c).  To follow the reasoning in *Andrade* would seem to make § 560.2(c) vestigial, and so is a disfavored interpretation by this Court.

Further, another reason this Court adopts the interpretation in *Ocwen* is that this Court does not agree with *Andrade*'s analysis of *Silvas*. This Court finds that *Silvas* does not hold that state law claims for tort, contract and real property laws are preempted if their enforcement would in any way affect the areas listed in § 560.2 (b), as *Andrade* does.  The state law claims in *Silvas* are for Unfair Advertising, Cal. Bus. & Prof. Code § 17500, and Unfair Competition, Cal. Bus. & Prof. Code § 17200, and therefore are explicitly preempted under § 560.2 (b), or, to use the language of *Ocwen*, they fall "on the regulatory side of the ledger."*Silvas*, 514 F.3d at 1006-7.

**Rescission**

State law claims for rescission have a four year statute of limitations.  Cal. Code Civ. Proc. § 337.  Provided the statute of limitations was tolled until July, 2007, because of equitable estoppel based on the loan representative's misrepresentations and/or Riddell's disability, this claim was timely filed on May 18, 2011.  A final determination regarding tolling must be made at summary judgment or trial.

However, Riddell's state law claim for rescission should be dismissed because she did not allege that she tendered, or offered to tender, the outstanding loan balance. *See Thayer v. Magill*, 13 Cal. App. 2d 21, 25-26, 55 P. 2d 1272, 1274-75 (1936).

**Quiet Title**

Riddell's claim for quiet title is dismissed because a mortgagor cannot assert a quiet title claim against her mortgagee because the mortgagee does not have an adverse claim. *See Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477, 114 Cal. Rptr. 91, 92 (1974). Further, a mortgagor's title will continue to be clouded, and ineligible for quiet title, until the debt is paid. *Aguilar,* 39 Cal. App. 3d at 477-78, 114 Cal. Rptr. at 92.

**Declaratory Relief**

Riddell seeks declaratory relief as to whether her mortgage is valid and who is entitled to title to her house. Declaratory relief is a separate cause of action in California which allows for "[a]ny person interested . . . under a contract . . . or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties." Cal. Code Civ. Proc. § 1060. Declaratory relief operates prospectively to declare future rights, rather than to redress past wrongs. *County of San Diego v. State of California*, 164 Cal. App. 4th 580, 608, 79 Cal. Rptr. 3d 489, 512 (2008). Insofar as Riddell seeks a declaration as to the validity of the mortgage, the declaratory relief claim is sufficiently pled.

**Injunctive Relief**

Injunctive relief is not a separate cause of action but "merely a remedy for a proven cause of action." *City of South Pasadena v. Department of Transportation*, 29 Cal. App. 4th 1280, 1293, 35 Cal. Rptr. 2d 113, 120 (1994). Moreover, Riddell only sought injunctive relief in the form of a preliminary injunction to prevent a foreclosure before this case is resolved on its merits. Therefore, the cause of action for injunctive relief is dismissed.

Before this case was removed, Riddell moved for a temporary restraining

order and a preliminary injunction to halt the trustee sale then scheduled for June 3, 2011.  This case was then removed on June 16, 2011.  On June 20, 2011, the Superior Court issued a preliminary injunction.  Because the Superior Court lost jurisdiction on June 16, 2011, the injunction has no effect. Accordingly, there is no injunction in place constraining further foreclosure proceedings.  The Court may entertain a renewed motion for a preliminary injunction if Riddell chooses to file such a motion.

Accordingly,

It is Ordered that the motion to dismiss be, and hereby is, Granted as to Plaintiff's claims for fraud, violation of HOEPA, quiet title, rescission, and injunctive relief,.

It is further Ordered that the motion to dismiss be, and hereby is, Denied as to Plaintiff's claims for declaratory relief and financial abuse of a dependant adult.

Date:   February 27, 2012

_____
Terry J. Hatter, Jr.
Senior United States District Judge